ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ERICK N. RAMOS ROMÁN<br><br>Apelante<br><br>v.<br><br>WANDA RODRÍGUEZ, KAIRY L. BURGOS CLAUSELL, SANTIAGO AMARO AMARO Y OTROS<br><br>Apelados | TA2026RA00093 | *Revisión Judicial,* acogida como *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Número: GM2025CV00665<br><br>Sobre: Violación de Derechos Civiles |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de marzo de 2026.

Comparece Erick N. Ramos Román ("señor Ramos Román" o "Apelante"), por derecho propio y en forma *pauperis*, mediante recurso de *Apelación* y nos solicita su excarcelación inmediata, al igual que una indemnización, correspondiente al tiempo de encarcelación en exceso.[1]

Por los fundamentos que expondremos a continuación, se *desestima* el presente recurso por falta de jurisdicción.

**I.**

El 5 de marzo de 2026, el señor Ramos Román, por derecho propio y en forma *pauperis*, acudió ante nos mediante *Apelación*. De manera escueta, solicita una indemnización, ya que alega que se le violaron sus derechos civiles, al no haberse calculado adecuadamente la bonificación correspondiente a su reclusión preventiva. Asimismo, peticiona su excarcelación inmediata.

Examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág.15, 215 DPR __ (2025).

---

[1] Se acoge como apelación, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

**II.**

**A.**

Es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018). Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Cordero et al. v. ARPe et al.,* 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal, por iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *op. cit.,* págs. 116-117.

**B.**

La presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz,* 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Atinente a la controversia que nos ocupa, la Regla 13 del Reglamento del Tribunal de Apelaciones dispone que el recurso de apelación deberá ser presentado dentro de los treinta (30) días siguientes a la fecha en que se haya notificado la determinación recurrida. Regla 13 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág. 23.

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés,* 171 DPR 250 (2007), *Arriaga v. F.S.E.,* 145 DPR 122 (1998). Sobre el particular, nuestra más Alta Curia ha expresado:

El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024).

Cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

**C.**

Como es sabido, "[l]a apelación en nuestro sistema no es automática; presupone una notificación, un diligenciamiento y su perfeccionamiento". *Morán v. Marti*, 165 DPR 356, 367 (2005). En lo aquí pertinente, el Reglamento del Tribunal de Apelaciones dispone que los recursos de apelación deberán presentarse dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha del archivo en autos de la notificación de la determinación final del organismo o agencia. Regla 13 del Reglamento del Tribunal de Apelaciones, *op. cit.,* pág. 23.

Así, también, nuestro Reglamento regula todo lo relacionado al contenido de los recursos de revisión. La Regla 16 establece que el escrito deberá contener: (1) una cubierta; (2) un índice; (3) un cuerpo; y (4) un apéndice. Regla 16 del Reglamento del Tribunal de Apelaciones, *op. cit.,* págs. 31-33. De manera particular, la Regla 16 (C), *supra,* especifica que el cuerpo del escrito tendrá que incluir lo siguiente:

(C) Cuerpo

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

   (a) En la comparecencia, el nombre de las partes apelantes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

**(c) Una referencia a la sentencia cuya revisión se solicita**, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

**(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

**(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.**

(f) Una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(Énfasis suplido)

Asimismo, la Regla 16 (E) de nuestro Reglamento, *supra*, dispone que el Apéndice del recurso deberá contener los siguientes documentos:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

**(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de esta**;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia física o electrónicamente, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este;
(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

(Énfasis suplido)

En reiteradas ocasiones, el Tribunal Supremo ha manifestado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *García Ramis v. Serrallés*, 171 DPR 250 (2007), *Arriaga v. F.S.E.*,

145 DPR 122 (1998). Sobre el particular, nuestra más alta Curia ha expresado que:

> El apelante tiene, por lo tanto, la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. *Morán v. Marti, supra,* pág. 367.

**Las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales.** (Énfasis suplido). *Febles v. Romar,* 159 DPR 714, 722 (2003).

### III.

El señor Ramos Román nos solicita su excarcelación inmediata. Reclama indemnización, en concepto de una alegada violación a sus derechos civiles, dado que ha permanecido en prisión por un tiempo excesivo. Afirma que no se le han acreditado los meses cumplidos en detención preventiva y las bonificaciones al amparo de la Ley Núm. 87 de 4 de agosto de 2020.

Sin embargo, éste se limita a esbozar dichos planteamientos de forma somera, en claro incumplimiento con nuestro Reglamento. Ello debido a que su escrito carece, entre otros asuntos, de una relación de hechos procesales, señalamientos de error y el derecho aplicable. El recurso tampoco cuenta con el apéndice correspondiente. Véase, Regla 16 (C) y (E) del Reglamento del Tribunal de Apelaciones, *supra.*

Por otro lado, el señor Ramos Román aludió al Caso Núm. GM2025CV00665 en el epígrafe del recurso ante nos, el cual cuenta con un dictamen final y firme emitido el 15 de septiembre de 2025. No obstante, en sus planteamientos no recurre de esa determinación final. En consecuencia, resulta forzoso concluir que este Tribunal carece de jurisdicción para atender el recurso.

### IV.

Por los fundamentos que anteceden, los cuales hacemos formar parte integral de la presente *Sentencia,* se *desestima* el recurso de epígrafe por falta de jurisdicción, por incumplimiento con las disposiciones de nuestro Reglamento.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones